**The PEOPLE of the State of Colorado, Petitioner–Appellant,**

**In the Interest of C.O., a Juvenile, Appellee.**

**No. 93CA0481.**

Colorado Court of Appeals, Div. V.

Feb. 24, 1994.

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Alexander M. Hunter, Dist. Atty., William F. Nagel, Appellate Chief Deputy Dist. Atty., Boulder, for petitioner-appellant.

Howard Bittman, Boulder, for appellee.

Opinion by Judge HUME.

The People appeal the dismissal of a petition alleging that C.O., a juvenile, was a delinquent by virtue of having committed an act which, if committed by an adult, would have been a crime. We reverse and remand for trial.

C.O. was issued a summons and complaint to appear in county court on a charge of criminal mischief resulting in damages under $400, in violation of § 18–4–501, C.R.S. (1993 Cum.Supp.). Defense counsel entered his appearance and tendered a plea of not guilty on C.O.'s behalf on June 23, 1992, and trial was set for October 5, 1992.

A week before trial, the district attorney determined that C.O. was a juvenile who was not subject to county court jurisdiction. The People then filed a motion to dismiss without prejudice, which was granted on October 2, 1992. C.O. was unaware of the motion to dismiss until he received the order dismissing the criminal case.

The People refiled the case as a delinquency petition in the juvenile division of the district court on October 30, 1992. Because the estimated damages were higher than originally thought, the juvenile was charged with acts that would constitute criminal mischief resulting in damages of more than $400 but less than $15,000.

The court held a preliminary hearing and found probable cause to try the juvenile on

the charge set out in the petition. C.O.'s counsel requested the earliest available trial date; however, he rejected a date initially suggested by the court and then agreed to a later trial setting for April 5, 1993.

On January 4, 1993, C.O.'s counsel filed a motion to dismiss the delinquency petition pursuant to § 18–1–405, C.R.S. (1986 Repl. Vol. 8B), contending that the speedy trial period had expired because the juvenile had entered a not guilty plea on June 23, 1992. As grounds for dismissal, counsel asserted that the People should have been aware that C.O. was a juvenile when he was charged as an adult in county court, that the county court's dismissal of the charge without providing him notice and an opportunity to respond was prejudicial, and that he had in no way delayed the trial in either court. He further argued that the juvenile was prejudiced by not receiving notice and a hearing and that, had he been properly notified, he would have argued that the county court should dismiss the charges with prejudice because "the People were basically more than careless" in failing to determine his age and juvenile status earlier.

The trial court granted the juvenile's motion after determining that, since he had no opportunity to present his theory to the county court, the case was improperly dismissed and, therefore, the speedy trial period had expired.

## A.

■ The People first contend that the county court did not err in dismissing the case without prejudice even though C.O. did not receive notice and a hearing because, since it did not have jurisdiction, it could not have dismissed the action with prejudice. We agree.

Section 13–6–106(1)(a), C.R.S. (1987 Repl. Vol. 6A) gives county courts jurisdiction over:

Criminal actions for the violation of state laws which constitute misdemeanors or petty offenses, except those actions involving children over which the juvenile court[s] ... have exclusive jurisdiction.

Section 19–2–102, C.R.S. (1993 Cum.Supp.) confers upon the juvenile court:

(1) ... exclusive original jurisdiction in proceedings:

(a) Concerning any juvenile ten years of age or older who has violated:

(I) Any federal or state law, except nonfelony state traffic, game and fish, and parks and recreation laws or regulations, the offenses ... concerning tobacco products, and the offense ... concerning the illegal possession or consumption of ethyl alcohol by an underage person....

■ A person under age 18 can only be charged with an offense in the manner permitted by the Children's Code. *People v. District Court,* 164 Colo. 530, 436 P.2d 672 (1968).

The county court had no jurisdiction to entertain or to dispose of the merits of the proceeding involving an offense alleged against a juvenile. Hence, the county court was without authority to go further than merely dismissing the case without prejudice for lack of jurisdiction.

■ Moreover, even if the county court erred in failing to require that C.O. receive notice and a hearing, the record reveals no prejudice resulting therefrom, and thus, such error was harmless. *See Cordova v. People,* 817 P.2d 66 (Colo.1991).

## B.

■ The People also contend that the speedy trial period had not expired for refiling the case. We agree.

In support of that contention, the People assert that, since the case was properly dismissed, the speedy trial period started anew in the juvenile case and that the juvenile waived his right to speedy trial by not objecting when the juvenile trial was scheduled outside the speedy trial limits.

■ The speedy trial period is calculated separately for each criminal complaint

brought against a defendant. Generally, if the charges in a summons and complaint are properly dismissed without prejudice, that case becomes a nullity, and a new speedy trial period begins if and when the accused enters a plea to subsequently filed charges. If a defendant can establish that the prosecutor acted in bad faith to circumvent the speedy trial limits, an exception to this general rule is provided. *People v. Kraemer*, 795 P.2d 1371 (Colo.App.1990).

Here, the juvenile did not contend that the prosecution had acted in bad faith, apparently asserting only a negligence theory in support of his motion to dismiss the delinquency petition. Therefore, we do not address whether the prosecution acted in bad faith.

Hence, we conclude that since the original case was properly dismissed without prejudice, the speedy trial period began anew when C.O. entered his plea in the juvenile case.

The judgment dismissing the delinquency petition is reversed, and the cause is remanded to the juvenile division of the district court for trial consistent with the views expressed herein.

RULAND and SMITH,* JJ., concur.